IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUADALUPE M., as Personal Representative of
the Estate of Gerald M., Jr., Deceased, and as Parent
and Next Friend of their Minor Children, Crystal M.,
Gerald M., III, and Coral M.,

      Plaintiffs,

  vs.                                              No. CIV 98-0360 JC/DJS

CITY OF ALBUQUERQUE, NEW MEXICO,
BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, BERNALILLO
COUNTY DETENTION CENTER, and
BERNALILLO COUNTY DETENTION
CENTER DIRECTOR JOHN DANTIS,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendants' Motion to Require Plaintiffs to Properly Identify Themselves, filed September 3, 1998 *(Doc. 15)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken, and will be granted .

This is a wrongful death suit brought by the ex-wife of a man who died while in the custody of the Bernalillo County Detention Center. The suit is brought on behalf of the estate of the deceased and his three minor children. Plaintiffs filed their First Amended Complaint for Damages for Wrongful Death *(Doc. 2)* using initials in place of a last name. Paragraph 3 of the First Amended

Complaint states that "Guadalupe M. and her minor children wish to bring this action with their last names shielded to protect their privacy." Plaintiffs have not sought, nor been granted, permission to proceed anonymously. Defendants request an order directing Plaintiffs to file an amended complaint identifying the parties.

Federal rules of civil procedure require the plaintiff to state the names of all the parties in the title of the action. *See* FED. R. CIV. P. 10(a). This requirement recognizes the important role that identification of parties plays in promoting the openness of judicial proceedings. *See Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997). Federal courts have recognized that plaintiffs may proceed under pseudonyms only where the plaintiffs' pressing need for anonymity outweighs the public's interest in open administration of justice. *See M.M. v. Zavaras*, 139 F.3d 798, 802-03 (10th Cir. 1998).

The decision to permit one of the parties to a lawsuit to proceed anonymously is committed to the "informed discretion" of the trial court. *See id.* This discretion is not absolute, but must be exercised within certain parameters. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). First, there is a "general presumption of openness of judicial proceedings" that must be overcome by a party seeking anonymity. *Id.* Second, a court must examine a series of factors when exercising its discretion to determine whether permitting anonymity is warranted. *See id.* These factors include: (1) whether the matter is of a sensitive and highly personal nature; (2) whether identification would put the identified party or third parties at risk of retaliatory harm; (3) the ages of the persons whose privacy interests are to be protected; (4) whether the action is against a governmental party challenging a statute of general applicability; and (5) the risk of unfairness to the opposing party if

the action proceeds anonymously. *See id. See also Doe v. Goldman*, 169 F.R.D. 138, 140 (D. Nev. 1996) (explaining the "governmental party" factor).

Plaintiffs do not indicate any sensitive or highly personal matters that might be involved in this suit. There is no indication that Plaintiffs are at risk of retaliatory harm if they are identified. Minor children are parties to this wrongful death suit, but there is no indication that the suit will require any inquiries into the children's private affairs. Plaintiffs' response indicates the sole reason for requesting anonymity is the possibility of subjecting the children to "adverse publicity about the circumstances of their father's untimely death." *Plaintiffs' Resp. to Defs.' Mot. To Require Pls. To Properly Identify Themselves (Doc. 17)* at 2. I find this reason insufficient to permit their mother to proceed anonymously. *See Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215, 216 (E.D. Tex. 1997) (rejecting request of students and their parents to proceed anonymously against school district; children's age, vulnerability, and adverse publicity did not overcome presumption of disclosure).

Neither of the last two factors weighs in favor of Plaintiffs. The governmental party factor is irrelevant here because Plaintiffs are not challenging a statute of general applicability. Finally, any unfairness to the opposing party would weigh against anonymity.

I find that Plaintiffs have not presented any exceptional circumstances that would justify allowing this suit to proceed anonymously.

Wherefore,

IT IS ORDERED that Defendants' Motion to Require Plaintiffs to Properly Identify Themselves be, and hereby is, **granted**.

IT IS FURTHER ORDERED that, as a condition to proceeding further in this matter, Plaintiffs shall file an amended complaint with the Clerk of the Court within thirty days of entry of this Order. The amended complaint shall identify Plaintiffs in accordance with FED. R. CIV. P. 10(a).

DATED this 14th day of September, 1998.

*[signature: John E. Conway]*

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

> Kathryn Hammel
> Cates and Hammel, P. C.
> Los Lunas, New Mexico

Counsel for Defendants:

> Jeffrey L. Baker
> The Baker Law Firm
> Albuquerque, New Mexico